# Deringer *v.* Augusta Hotel Co., Appellant.

[Marked to be reported.]

*Party-wall—Acts of May* 7, 1855 *and May* 25, 1857.

The fact that an owner of land or his predecessor in title has built a party wall encroaching four inches on his neighbor's land, will not, in the absence of an agreement to the contrary, prevent him from subsequently building a wall encroaching to the limit authorized by the Act of May 7, 1855, P. L. 466, which is six and one half inches for a brick wall.

Argued May 4, 1893.    Appeal, No. 438, Jan. T., 1893, by defendant, from decree of C. P. No. 3, Phila. Co., March T., 1893, No. 385, awarding injunction in favor of plaintiff, Calhoun M. Deringer et ux.   Before STERRETT, C. J., GREEN, WILLIAMS and McCOLLUM, JJ.

Bill to restrain erection of party-wall.

The bill averred that plaintiff was owner of premises 1530 Spruce street in Phila., and that between her house and the adjoining one, 1532 Spruce street, was a wall nine inches in width, which was erected in 1853; that defendant had recently torn down the building known as 1532 Spruce street, and was about to erect, on the lot where it stood, a nine story brick and stone apartment house or hotel; that defendant was also about to tear down the old party-wall and erect a new one to support the said hotel.

The bill prayed: " That an injunction be granted by your honorable court, special until hearing, and perpetual thereafter, to enjoin and restrain the said defendants, and each of them,

their agents, servants and employees, from entering upon, building, injuring, removing, damaging, tearing down or in anywise whatsoever from destroying the said party-wall, and from erecting any new party-wall as herein mentioned on said premises and changing said front wall and extending the location of the same beyond the present and old established line of said Spruce street, and from entering in, upon or in any manner damaging the premises of your oratrix or hindering or interfering with the free use and enjoyment of the same, without first giving her a sufficient bond of indemnity or other adequate compensation for any and all injury or damages she may or might suffer thereby. And perpetually from erecting and building any wall whatsoever that may enter, extend into and beyond the present and established line of said Spruce street and otherwise defacing the present party-wall or property and dwelling of your oratrix situate No. 1530 Spruce street, in the city of Philadelphia."

The case was heard on bill, answer and affidavits. After argument, the court entered the following decree:

"And now, March 27, 1893, it is ordered and decreed that if the said Martha E. Deringer enter security in the sum of $500 in two days from the date hereof, that a preliminary injunction issue enjoining and restraining defendants from erecting the proposed party-wall between the property of plaintiffs and defendants in such a way as to encroach upon plaintiff's property, a greater distance than said wall now encroaches thereon, viz., four inches from the line dividing said properties. In all other respects the motion for an injunction is refused."

*Error assigned* was above decree, quoting it.

*Alex. Simpson, Jr.,* for appellant.—Defendants are not limited to the old wall: Act of April 21, 1855, § 8, P. L. 467; Act of May 20, 1857, P. L. 590, Purd. 1307, pl. 27; Act of May 7, 1855, P. L. 466.

Substantially the contention is that the party-wall acts relate only to party-walls to be erected on unimproved lots. Thus stated, the proposition was negatived in Western National Bank's Appeal, 102 Pa. 171.

The theory of the law relative to party-walls is that the encroachment allowed is for mutual benefit : Helwig v. Schenk, 7 Phila. 389.   Not merely a present benefit, for the act of 1857 provides for the case of a present benefit simply to the new builder.   An ultimate benefit, however, accrues, for he can in the future use the wall for a larger building for himself, though it only encroaches on him six and a half inches and over his neighbor twenty and a half inches, as in the case of the Western National Bank's Appeal, 102 Pa. 171.

Bailey's Appeal, 1 W. N. 350, shows the practice to be as claimed by appellant, for there, upon building the new wall of additional thickness, an additional encroachment to 6½ inches was made.   The point here raised was not considered, however.

The rule is that any person erecting a building containing a party-wall, does so with the knowledge that that wall may be taken down and a new wall erected encroaching more upon his property, if his neighbor erects a larger and higher building upon his property.   Or, as it is put in Roberts v. Bye, 30 Pa. 377, each man's land is " charged with a servitude for this purpose " in favor of his neighbor.

*Joshua R. Serfass*, for appellees.—Equality and mutuality of burdens and benefits are the essential principles of the party-wall system.   The act of 1721, under which the present party-wall of the two properties in question was built authorized the regulation of party-walls whose foundations were at the time unfixed and unestablished, and the act of 1782 merely directs the regulator to make and keep an established record of the same ; and as said wall was built and stood under said regulation with full and legal notice and knowledge to appellants at the time of their purchase of the same, they are bound by such acts and regulations as much as the first builder would have been were he the present owner.   The acts of 1855 and 1857 cannot be retrospective so as to affect vested rights.

The grantee takes title to the wall, but the grantor therein . has, by an implied reservation, an easement, that is, a right to require that the wall shall not be removed to the injury of the building : Doyle v. Ritter, 6 Phila. 577 ; Beaver v. Nutter, 10 Phila. 346.   Appellee's user must be the measure of her rights : Martin v. Goble, 1 Camp. 320; Goddard on Easements, 188;

Turnpike Co. v. Piper, 1 W. N. 237 ; L. & C. Turnpike Co's. Ap., 80 Pa. 427 ; Western National Bank's Appeal, 102 Pa. 171.

OPINION BY MR. JUSTICE McCOLLUM, May 31, 1893 :

Martha A. Deringer, appellee, filed a bill to enjoin the Augusta Hotel Company, appellant, from interfering with the party-wall on the line of their adjoining properties, Nos. 1530 and 1532 on Spruce St. in Philadelphia, and from constructing its new building beyond the line of the other buildings on said street in that vicinity without first giving a bond of indemnity for her protection against the injurious consequences of such interference and construction. The hearing in the court below was on bill, answer and affidavits, and it resulted in a decree " that a preliminary injunction issue enjoining and restraining defendants from erecting the proposed party-wall between the property of the plaintiff and defendants in such a way as to encroach upon plaintiff's property a greater distance than said wall now enroaches thereon, viz: four inches from the line dividing said properties. In all other respects the motion for an injunction is refused." The question raised by this decree and before us on appeal from it is whether the appellant can, in the erection of the party-wall, demanded by the municipal authorities for the support of its proposed building, lawfully occupy six and one half inches of appellees' lot for that purpose, or is restricted to that portion of the lot which the old party wall enroached upon.

It is manifest that the injunction was granted on the theory that the rights of the owners of the adjoining lots in reference to the party-wall between them were definitely settled by the construction of the wall which is now condemned as insufficient for the appellant's new building, and as the old wall encroached upon the appellee's lot but four inches, the appellant is precluded from erecting a new wall which shall occupy more than that space upon it. It does not appear on this record at what time or by whom the first wall was built, or that the parties who then owned the lot entered into an agreement on the subject of the party-wall which extinguished or impaired any of their statutory rights in reference to it. In the erection of a party-wall suitable for the buildings it is designed to support,

there is no undertaking by either party that he will not thereafter construct a building which requires a wider and better wall, nor is there any implied surrender by him of any right in relation thereto which the statutes confer. These statutes define the rights and duties of the owners of lots in reference to the party-wall and, in the absence of an agreement which renders them inapplicable, govern in the construction of it. In the first proviso to section eight of the act of May 7, 1855, P. L. 466, the encroachment upon an adjoining lot for party-wall purposes is limited to six and one half inches for the brick wall and it is not alleged that the appellant in the construction of its building proposes to exceed this limit. It affirmatively appears that the appellant is proceeding in conformity with the act referred to, and the provisions of the act of May 25, 1857, P. L. 590. These acts are applicable to the case presented by the pleadings. Bailey's Appeal, 1 W. N. 350; Appeal of Western National Bank, 102 Pa. 171.

The order awarding the injunction is reversed and the injunction is dissolved at the cost of the appellee.